**SO ORDERED.**

**SIGNED October 12, 2010.**



**HENLEY A. HUNTER**
**UNITED STATES BANKRUPTCY JUDGE**

---

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

IN RE:                                                      CASE NO: 10-80478
      **TRACY RUSHING JONES**

### REASONS FOR DECISION

This matter comes before the Court on the debtor's Objection to Proof of Claim No. 2 filed

by debtor's former spouse, Marcus David Jones.  This is Core Proceeding pursuant to 28 U.S.C.

§157(b)(2)(B).  This  Court has jurisdiction pursuant to 28 U.S.C. §1334 and by virtue of the

reference by the District Court pursuant to Local District Court Rule 83.4.1 incorporated into Local

Bankruptcy Rule 9029.3.  No party at interest has sought to withdraw the reference and the district

court has not done so on its own motion. This Court makes the following findings of fact and

conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  Pursuant to

these reasons, the debtor's Objection is **SUSTAINED.**

### FINDINGS OF FACT

Marcus David Jones filed a proof of claim for $2,223.50, claiming priority status under

§507(a) as a domestic support obligation under 507(a)(1)(A) or (a)(1)(B), pursuant to the Judgement

of the Ninth Judicial District Court, dated January 25, 2010, which provides in pertinent part:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that TRACY RUSHING JONES be and she is hereby cast for all costs of these proceedings, including Curator Fees and Costs of TWO HUNDRED THIRTY-FIVE AND 20/100 ($235.29) DOLLARS, and reasonable expenses and attorney fees incurred by MARCUS DAVID JONES in the amount of $2,072.50.

The debtor was assessed with costs and attorney/curator fees after being found in contempt by the domestic relations Court for "intentionally secreting" a minor child of the former marriage. A reading of the Judgment on Rule, which is typically the state court's disposition of the claimant's Motion for Rule to Show Cause, specifically terminates the child support previously awarded to the debtor and owed by the claimant. (*See* Claim No. 2.)

### Law and Analysis

In *Matter of Howard*, 972 F.2d 639 (5th Cir. 1992), the Fifth Circuit held that it is the duty of debtor's counsel to examine the claims and, if necessary, file an objection, notwithstanding the fact that an order of confirmation may have already been entered, and no objection to confirmation had been filed. At the hearing on the objections, counsel to the parties stipulated that the debtor has made no payment on this debt. The sole issue before this Court is whether this one-time assessment for the cost of the contempt proceeding falls within the definition of a domestic support obligation under 11 U.S.C. §101(14A), and thereby affords the claim priority status under 11 U.S.C. §507(a). The determination of whether a debt is defined in the bankruptcy context as "support" is a matter of federal law. *Matter of Dennis*, 25 F.3d 274, 278 (5th Cir. 7/13/1994).

A domestic support obligation is defined: "a debt that accrues before, on, or after the date of

the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is – (A) owed to or recoverable by – (i) a spouse, former spouse or child of the debtor or such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit; (B) **in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly designated;** ( C) established or subject to establishment before, on, or after the date of the order for relief in aa case under this title by reason of applicable provisions of – (i) a separation agreement, divorce decree, or property settlement agreement; (ii) an order of the court of record; or (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and (D) not assigned to a governmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. §101(14A)(*emphasis supplied*).

The definition of "domestic support obligation" was added to the code by the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA). A debt included in this definition is specifically referenced as an exception to discharge in all Chapters under 11 U.S.C. §523(a)(5) and one entitled to first priority under 11 U.S.C. §507(a)(1). BAPCPA also recognized in keeping 11 U.S.C. §523(a)(15) a certain category of other liabilities arising from the dissolution of a marriage that do not fit within the definition §101(14A), which by the absence of a reference to §523(a)(15) in §1328(a)(2), such debts are not afforded non-dischargeability in a successfully

3

completed Chapter 13 case.[1]   These other non-domestic support liabilities are not afforded priority

status under §507(a)(1).   *See In re Gentry*, 2006WL6544156 (Bankr. N.D.Tex. 6/12/2006).

   As is made clear by the above-supplied emphasis, Part B of §101(14A) requires that the debt

be "in the nature of alimony, maintenance, or support."  The Judgment on Rule casting debtor for the

cost of the proceedings makes clear that no ongoing support obligation will exist between claimant

and debtor in stating, "IT IS ORDERED, ADJUDGED AND DECREED that the [sic] any and all

child support payable by MARCUS DAVID JONES TO TRACY RUSHING JONES, be, and the

same is hereby terminated effective with the payment which would have been due for September of

2009.  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any monies paid by

MARCUS DAVID JONES to TRACY RUSHING JONES during or after September of 2009 may

---

[1]While the narrow issue before this Court is whether the debt created by the Judgment attached to Claim No. 2 falls within the §101(14A) definition and should be treated as a priority claim under §507(a)(1), this Court is not unmindful of the practical effect of the classification of the debt.  Congress amended §523 in 1994 by adding §523(a)(15). *See In re Evert*, 342 F.3d 358, 368 (5th Cir.2003). "As the *Evert* court stated, the amendment 'reflects Congressional recognition that there are inter-spousal payment obligations arising out of but continuing after divorce which are not alimony, support or maintenance and which thus do not fall within § 523(a)(5).' *Id.* at 371 n. 5. Thus, § 523(a)(15) includes those debts that would fall outside the scope of the other statutory provisions addressing domestic support obligations. Both § 523(a)(5) and (15) illustrate 'Congress balanc[ing] two public policies ... the Bankruptcy Code's purpose of providing a fresh start to a deserving debtor; and the importance of a debtor's obligations to his family.' *In re Brooks,* 371 B.R. 761, 766 (N.D.Tex.2007) (citing *Marrama v. Citizens Bank,* 549 U.S. 365, 127 S.Ct. 1105, 1107, 166 L.Ed.2d 956 (2007)). Both provisions work to prevent the non-debtor spouse from being 'left out-of-pocket because of a debtor's bankruptcy filing.' *Id.* at 767." *In re Kearney*, 433 B.R. 640, 645 (Bankr. S.D.Tex. 6/24/2010). Judge Bohm's reference in *Kearney* to the competing public policies is appropriately mentioned here, where this Court recognizes the result is harsh when a claim falls beyond the protections afforded under the Code. However, the Court is also bound to strictly interpret the definition set forth by Congress in §101(14A), and narrowly construe exceptions to the discharge.  *See Lamie v. U.S. Trustee* 540 U.S. 526, 124 S.Ct. 1023 (2004); *Hickman v. Texas*, 260 F.3d 400 (5th Cir. 7/26/2001); *In re Brooks*, 371 B.R. 761 (Bankr. N.D.Tex. 7/19/2007).

4

be applied to any other obligation existing between them." (*See* Claim No. 2.)  In so stating, the state court makes clear that the ongoing support between claimant and debtor will terminate.

Further, focusing on the debt cited in the claim, which is a one-time assessment of costs and attorney fees incurred in the proceeding on Rule to Show Cause, this Court cannot find that such an assessment, penalty, or other civil contempt-type of cost would fit the definition of "in the nature of alimony, maintenance or support."  This new debt is not an ongoing obligation for the future financial needs of a dependent, but rather, is the incidental result of debtor's being found in contempt of the state court. (*See* Claim No. 2, Judgment on Rule, 5th ¶.)  *See also In re Lopez*, 405 B.R. 382 (Bankr. S.D.Fla. 4/17/2009).

## Conclusion

Accordingly, the debtors' Objection to Claim No. 2 filed by Marcus David Jones  is sustained, and the claim shall not be afforded priority status as a domestic support obligation.   A separate and conforming order will be entered.

# # #

5